IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 7, 2025

## THOMAS CECIL CLETUS VIRDEN v. MYVEN MAGDY VIRDEN

**Appeal from the Circuit Court for Davidson County**
**No. 24D108   Stephanie J. Williams, Judge**

_____

**No. M2025-01373-COA-R3-CV**

_____

This is an appeal from an order suspending a mother's parenting time until she completes a Tennessee Rule of Civil Procedure 35 mental health evaluation. Because the order does not resolve all of the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Myven Magdy Virden, Nashville, Tennessee, pro se.

Ryan Christopher Davis, Nashville, Tennessee, for the appellee, Thomas Cecil Cletus Virden.

**MEMORANDUM OPINION**[1]

The parties were divorced on April 1, 2025. On May 28, 2025, the father, Thomas Cecil Cletus Virden ("Father"), filed a Petition to Modify Permanent Parenting Plan and Emergency Motion for Ex Parte Restraining Order to Suspend Mother's Parenting Time. On July 16, 2025, the trial court ordered the mother, Myven Magdy Virden ("Mother"), to submit to a Tennessee Rule of Civil Procedure 35 mental health evaluation. On August 28, 2025, the trial court suspended Mother's parenting time until she completes the Rule 35 mental health evaluation. Mother filed a notice of appeal with the clerk of this Court on

_____

[1]A case designated as a memorandum opinion "shall not be published, and shall not be cited or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

September 8, 2025. Father has now moved to dismiss the appeal for lack of a final judgment. Mother has not filed a timely response.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The trial court's August 28, 2025 order suspending Mother's parenting time does not resolve all of the claims raised in Father's Petition to Modify Permanent Parenting Plan. Rather, the order provides that, if Mother fails to complete the Rule 35 Evaluation within six months, the matter will be set for trial. The order also reserves the issue of attorney's fees. Thus, the order is not final and is not appealable as of right.

The appeal is hereby dismissed for lack of a final judgment. The dismissal is without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. Myven Magdy Virden is taxed with the costs for which execution may issue.

PER CURIAM